UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RIGGS DRUG COMPANY, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CV-538 |
| | ) | (VARLAN/SHIRLEY) |
| AMERISOURCEBERGEN DRUG CORPORATION, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant Amerisourcebergen Drug Corporation's ("Amerisourcebergen") Motion to Strike Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Amended Complaint [Doc. 81]. Amerisourcebergen requests that the Court strike plaintiff Riggs Drug Company, Inc.'s ("Riggs") response and memorandum in opposition to Amerisourcebergen's motion to dismiss the amended complaint, including all exhibits attached thereto [*Id.*].

### I.  BACKGROUND

In support of its motion, Amerisourcebergen argues that Riggs's response and memorandum of law in opposition "attach and make[] extensive use of materials produced in discovery as well as affidavits and declarations that are well beyond the pleadings of Riggs's amended and restated complaint" [Doc. 82]. Amerisourcebergen identifies seven exhibits attached to the response and memorandum in opposition that, it contends, are outside the pleadings, including but not limited to: "a copy of Robert Fannon's Affidavit that was

submitted in support of Riggs's motion for partial summary judgment," "a 'supplemental' affidavit of Mr. Fannon apparently drafted and adopted in direct response to [Amerisourcebergen's] [o]pposition to Riggs's summary judgment motion," "discovery responses, a partial declaration of an [Amerisourcebergen] representative and documents produced by [Amerisourcebergen] in discovery, including e-mails, and a pricing comparison PowerPoint printout" [*Id.*]. Amerisourcebergen further argues that the entire filing should be stricken because it is "so permeated with materials that are beyond the pleadings" [*Id.*]. In particular, it identifies eleven out of thirty-two pages of Riggs's memorandum of law where "Riggs engaged in an extensive discussion of those documents" [*Id.*]. Riggs filed no response to the motion to strike, and the time for doing so has now passed. *See* E.D.TN. LR 7.1(a).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the "sufficiency of the plaintiff's claim for relief," and a court "may consider only matters properly part of the complaint or pleadings" in deciding the merits of the motion. *Armengau v. Cline*, 7 Fed. App'x 336, 344 (6th Cir. 2001) (citations omitted). *See also* Fed. R. Civ. P. 12(d). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

The Sixth Circuit "takes a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." *Armengau*, 7 Fed. App'x at 344. "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the

pleadings." *Id.* (citation omitted). Courts also may consider "public records, matters of which a court may take judicial notice, and letter decisions of other governmental agencies." *Id.* (citation omitted). *See also Willcox v. Tenn. Dist. Attorneys Gen. Conference*, No. 3:07-cv-359, 2008 WL 4510031, at *2 (E.D. Tenn. Sept. 30, 2008) (addressing the standard for a motion to strike matters outside the pleadings attached to a plaintiff's response to a motion to dismiss).

## III. ANALYSIS

The Court finds that the exhibits attached to Riggs's response and supporting memorandum of law are matters "outside the pleadings." Although they may be relevant during later stages of the litigation, the documents are not referred to in the complaint and central to Riggs's claims. Indeed, some of the documents are discovery produced by Amerisourcebergen during the course of the litigation and one document is an excerpt from a declaration Amerisourcebergen submitted with its response to Riggs's motion for partial summary judgment. The Court, therefore, will refrain from considering such materials, including any references thereto in the response and memorandum of law.

The Court, however, does not find that the entire filing in opposition to Amerisourcebergen's motion to dismiss the amended complaint consists of matters outside the pleadings. Nor does it find that Riggs's entire filing is "so permeated with materials that are beyond the pleadings" that it is necessary to strike it as Amerisourcebergen suggests. Amerisourcebergen fails to point out that, in Riggs's memorandum of law, Riggs devotes several pages to refuting the arguments made by Amerisourcebergen in its motion to dismiss

with legal precedent. Amerisourcebergen cites no authority suggesting the Court has authority to strike the entire filing on these facts, and the Court declines to do so.

Accordingly, the exhibits to the response and memorandum of law and the references thereto are excluded, but the remainder of the filing is not excluded.

## IV. CONCLUSION

Amerisourcebergen's Motion to Strike Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Amended Complaint [Doc. 81] is **GRANTED IN PART** with respect to the exhibits attached to Riggs's response in opposition to Amerisourcebergen's motion to dismiss the amended complaint and all references thereto. Amerisourcebergen's Motion to Strike Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Amended Complaint [Doc. 81] is **DENIED IN PART** with respect to Amerisourcebergen's request that the entire filing be stricken.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE